IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Randy Rinear, | : | |
| | : | Case No. 1:12-cv-958 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING DEFENDANT'S |
| Capital Management Services, L.P., | : | MOTION FOR JUDGMENT ON THE |
| | : | PLEADINGS |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings.

Doc. 8.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## I.  BACKGROUND

Plaintiff Randy Rinear brought this action alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, after Defendant Capital Management

Services, L.P. ("Capital Management") attempted to collect a consumer debt.  Rinear filed his

Complaint in the small claims division of Hamilton County, Ohio, Municipal Court, and Capital

Management removed the action to this Court.

Rinear's Complaint asserts three claims: first, Capital Management failed to verify

Rinear's debt upon request; second, Capital Management sent Rinear a collection letter that did

not include statutorily required language; and third, Capital Management made false or

misleading representations in its initial communication with Rinear.  Rinear attached two

documents to his Complaint: (1) a collection letter from Capital Management to Rinear dated

July 3, 2012 which indicates the amount of debt and the name of the creditor but does not

1

include a notice of an opportunity to dispute the debt, and (2) a letter from Plaintiff's counsel to

Capital Management dated August 2, 2012 that claims Capital Management failed to set forth

Rinear's "validation rights under the [FDCPA]" and denies the validity of the debt.  Doc. 1-4.

Capital Management denies Rinear's allegations.  Capital Management asserts that it sent

its initial correspondence to Rinear on March 2, 2012 and that the correspondence included all

requisite statutory language.  Capital Management attached a copy of the March 2, 2012 letter to

its Answer.  Doc. 5-1.  The letter includes the amount of the debt allegedly owed by Rinear, the

name of the creditor to whom the debt is owed, and the following statement:

> Unless you notify this office within 30 days after receiving this
> notice that you dispute the validity of this debt or any portion
> thereof, this office will assume this debt is valid.  If you notify this
> office in writing within 30 days from receiving this notice that you
> dispute the validity of this debt or any portion thereof, this office
> will obtain verification of the debt or obtain a copy of a judgment
> and mail you a copy of such verification or judgment.  If you
> request this office in writing within 30 days after receiving this
> notice this office will provide you with the name and address of
> the original creditor, if different than the current creditor.

*Id*.  The March 2, 2012 letter attached to Capital Management's Answer and the July 3, 2012

letter attached to Rinear's Complaint have identical formatting, are addressed to Rinear at the

same address, and include the same Capital Management reference number.

In its Motion for Judgment on the Pleadings, Capital Management states that there is no

set of facts Rinear can prove that would demonstrate Capital Management's liability.  First, it

states that it included the required statutory language in its March 2, 2012 letter to Rinear.

Second, it states that it was not obligated to verify Rinear's debt because it ceased its collection

activities against him.  Rinear did not file a response in opposition to Capital Management's

Motion.

2

## II.  LEGAL STANDARD

A Rule 12(c) motion provides a means of disposing of cases when the material facts are not in dispute and the court can achieve a judgment on the merits "by focusing on the content of the competing pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice."  5C Wright and Miller, Federal Practice and Procedure § 1367 (3d ed. 2004).  A court may grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993).  This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

In ruling on a Rule 12(c) motion, the court considers all available pleadings, including the complaint and the answer.  Fed. R. Civ. P. 7(a) and 12(c).  Documents attached to the pleadings as exhibits are considered incorporated therein and may be considered in evaluating a Rule 12(c) motion.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss").  These may include documents attached to the defendant's answer when they are integral to the claims and the authenticity of the documents is not disputed.  *See*, *e.g.*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (considering emails attached to the defendant's answer when they were integral to the negotiations at issue because "[o]n a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the

3

court can take judicial notice for the factual background of the case.'") (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)); *see also Fraenkel v. Messerli & Kramer, P.A.*, No. Civ. 04-1072, 2004 WL 1765309, at *2 (D. Minn. July 29, 2004) (in an FDCPA case, considering the complaint, the answer, and letters referenced in the answer when granting debt collector's motion for judgment on the pleadings when the plaintiffs did not dispute the content or authenticity of the letters).

## III.  ANALYSIS

Rinear claims that Capital Management failed to verify his debt upon request, failed to include statutorily required language in its correspondence, and made false and misleading representations in its initial communication with him.  The Court will consider these claims out of order as the initial notice of debt lays the groundwork for a discussion of the remaining claims.

### A.  Notice of Debt

Although Rinear does not specify what language was required to be, but was not, in the correspondence he received from Capital Management, the Court assumes he is referring to the "notice of debt" requirements set forth in 15 U.S.C. § 1692g(a).  That statute provides as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Capital Management's March 2, 2012 correspondence to Rinear states the current balance of the debt and identifies the current creditor to whom the debt is owed. The correspondence also provides notice of Rinear's opportunity to dispute the validity of the debt within 30 days of receiving the notice and states that it will obtain a verification of any disputed debt. Although Rinear implies in his Complaint that the first correspondence he received from Capital Management was the July 3, 2010 letter, Rinear did not oppose Capital Management's motion for judgment on the pleadings and has not disputed the authenticity of the March 2, 2012 letter attached to Capital Management's Answer.

Because there is no dispute of fact regarding whether Capital Management's initial correspondence — the March 2, 2012 letter — to Rinear includes all language required by 15 U.S.C. § 1692(g)(a), Capital Management is entitled to judgment on the claim alleging it failed to include the statutorily required language in its correspondence to Rinear.

### B. False or Misleading Representations in Initial Communication

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Rinear does not specifically identify the false or misleading representations Capital Management allegedly made in its communication with him.  The only correspondence from Capital Management that Rinear attached to his Complaint was the July 3, 2012 letter, so the Court assumes Rinear is referring to that letter as correspondence containing false or misleading statements.  That letter states the amount of the debt, the name of the current creditor, and offers to accept 15% of the debt to settle the account.

Rinear's Complaint does not allege sufficient facts to suggest that the information included in the July 3, 2012 (or any other) letter was false or misleading.  The Complaint contains no allegations as to any actual amount owed to the creditor, nor does it identify a particular error in the letter.  Thus, Rinear's allegations have insufficient factual support to state a plausible claim for relief.  *See*, *e.g.*, *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 701-02 (E.D. Va. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C.  Failure to Verify Debt

Finally, Rinear claims that Capital Management failed to verify his debt upon request. The FDCPA provides that if the consumer notifies the debt collector in writing within thirty days of receiving notice of the debt that he disputes the debt, the debt collector must cease collection of the debt until the debt collector obtains verification of the debt and mails a copy of the verification to the consumer.  15 U.S.C. § 1692g(b).  Capital Management admits that it did not mail Rinear a verification of the debt.  However, it states it was not obligated to do so for two reasons: first, it ceased its attempt to collect the judgment after it received Plaintiff's counsel's

August 2, 2012 letter; second, the August 2, 2012 letter to Capital Management disputing the debt was sent more than thirty days after Capital Management's initial March 2, 2012 correspondence setting forth the required notices.

If a debt collector ceases collection activities after the receipt of a cease and desist letter, it has not violated 15 U.S.C. § 1692g(b). *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992). Further, when a debt collector ceases collection activities, it is not obligated to send a separate validation of the debt to the debtor. *Id.* at 1031-32. Rinear does not dispute that Capital Management ceased its collection activities after it received the August 2, 2012 letter that disputed the debt. The undisputed facts thus demonstrate that Capital Management is not liable to Rinear for a violation of the FDCPA's provision which requires a creditor to verify a debt.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings and **DISMISSES** the case with prejudice.

IT IS SO ORDERED.


       s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court

7